RECEIVED
FEB 27 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHERRY J. LEMOINE

versus

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 05-0358

JUDGE STAGG
**REFERRED TO:**
**MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

**Introduction**

Sherry Lemoine ("Plaintiff") was born in 1948, has an eleventh grade education and no relevant work experience. She applied for Disabled Widow's benefits alleging that she became disabled December 15, 1997 due to arthritis and mental problems. ALJ Ronald Burton denied the claim in a decision dated January 30, 2004, and Plaintiff applied to the Appeals Council for review. Plaintiff also filed a new application that resulted in a determination that Plaintiff was disabled beginning May 17, 2004. The Appeals Council considered that fact but found that the information did not warrant a change in the ALJ's decision of this application. Tr. 4-5.

Plaintiff filed this civil action to seek the limited judicial review permitted by 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court regarding social security cases, the case was referred to the undersigned for decision. For the reasons that follow, the decision to deny benefits will be reversed and remanded.

## Summary of the ALJ's Decision

The ALJ analyzed the claim pursuant to the familiar five-step sequential analysis set forth in 20 C.F.R. § 404.1520 and § 416.920 and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (step one) and that she suffered from a mental impairment that was severe (step two) within the meaning of the regulations. On the other hand, the ALJ reviewed the medical evidence and concluded that Plaintiff did not have a severe impairment stemming from her osteoarthritis. The mental impairment was not severe enough to meet or equal a listing (step three), so the ALJ proceeded to assess Plaintiff's residual functional capacity ("RFC").

The ALJ concluded that Plaintiff had no exertional limitations but did have non-exertional limitations stemming from her mental impairment. He wrote:

> Because of her borderline intellectual functioning and depressive syndrome, she has the ability to perform simple work-related decisions; and, understand, remember, and carry out short simple instructions. The evidence shows she has memory deficits and she would have moderate limitation in her ability to maintain concentration, persistence and pace. She would need to work in an environment that would not demand production quotas or excess interaction with the public.

Plaintiff had no past relevant work (step four), so the ALJ proceeded to step five and looked to the Medical-Vocational Guidelines and Social Security Ruling 85-15 (Capability to Do Other Work – the Medical Vocational Rules as a Framework for Evaluating Solely Non-Exertional Impairments). He concluded that Plaintiff's non-exertional mental

impairment would not prohibit her from performing unskilled work and that the impairment did not have a significant adverse effect on the unskilled occupational base. The ALJ concluded that the Guidelines could thus be used to discharge his step five burden without input from a vocational expert. He found that Plaintiff was not disabled.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).

**Analysis**

Use of the rules is appropriate when it is established that a claimant suffers only from exertional impairments, or that the claimant's non-exertional impairments do not significantly affect his RFC. Loza v. Apfel, 219 F.3d 378, 398 (5th Cir. 2000). The regulations also recognize that in evaluating disability where the claimant has solely a non-exertional type of impairment, the ALJ should look to the principles in the appropriate sections of the regulations because the rules do not direct factual conclusions for such persons. 20 C.F.R. Part 404, subpart P, Appendix 2, Section 200.00(e)(1); 20 C.F.R. 404.1569a(c)(2). There will be times when a particular non-exertional impairment will only slightly reduce the

number of jobs available to a person, and the Social Security Rulings often recognize such situations and provide a basis for deciding the claim.

The decision in this case rested in large part on a reference to Ruling 85-15, but that Ruling appears to suggest an opposite conclusion is appropriate. The Ruling provides an example of a person who meets the findings made with respect to Plaintiff and indicates that such a person will generally be disabled. The ALJ found that Plaintiff is of advanced age, has a limited education, has no relevant work experience, and suffers from a severe mental impairment. Tr. 18. Ruling 85-15 states: "Someone who is of advanced age, has a limited education, has no relevant work experience, and has more than a non-severe mental impairment will generally be found disabled." The Commissioner has not pointed to any other agency ruling, occupational treatise or other evidence to back the ALJ's statement that Plaintiff's impairment would not significantly affect the number of jobs available to her.

**Conclusion**

Under the circumstances and as explained in the written decision, the Commissioner's decision lacks substantial evidence. The appropriate course is to reverse the decision and remand the case for further proceedings that include the receipt of evidence from a vocational expert or other source to meet the Commissioner's step five burden.[1] The result following

---

[1] On remand, Plaintiff and the agency may further explore any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's

remand may or may not be the same, but the decision may not be affirmed on the current record. A judgment will be entered in accordance with this ruling.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 27 day of February, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

---

supplementing the record on remand" after a sentence four or sentence six remand).